HENRY MERRILL, EXECUTOR, in equity,

*vs.*

MATILDA HAYDEN, and others.

Somerset.    Opinion December 20, 1893.

*Will. Lapsed Legacy. Life-Estate. Costs. R. S., c. 74, § 9; c. 77, § 6, cl. 7;*
*Spec. Acts, c. 446, 1872; c. 448, 1889.*

A child, or its issue, takes no share of the testator's estate when it appears that the omission of a devise in the will was intentional, or was not occasioned by mistake.

A testator by will gave all his property to one of his two daughters, without naming the other, to hold during her life, the income thereof and so much of the principal as she might need to be spent by her; and the residue to the Maine Free Baptist Home Missionary Society which before the testator's death was dissolved by act of the Legislature and all its property transferred to another Association created for different purposes.

*Held;* 1. That upon the admissible evidence the omission of a devise to one of the daughters was intentional.

2. That by the extinction of the Maine Free Baptist Home Missionary Society in the life-time of the testator, the legacy to that society lapsed; that the other Association created for other purposes took nothing under the will; and that the residue of the estate not having been otherwise disposed of by the will descended to his heirs as undevised estate.

3. That the gift to the daughter did not create a trust fund requiring the appointment of a trustee.

4. It appearing, however, that the daughter is of unsound mind, and that a guardian, or trustee, may be required, the executor is not made such guardian, or trustee, by the provisions of the will.

5. Costs allowed the executor, but none to the claimants, there appearing to be no ambiguity, latent or patent, in the will.

ON REPORT.

Bill in equity, heard on bill, answers and testimony, to determine the construction of a will. The case appears in the opinion.

*Walton and Walton*, for executor.

*Merrill and Gowen*, for Matilda Hayden.

*H. and W. J. Knowlton*, for Maine Free Baptist Association.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

EMERY, J.   The plaintiff, as executor of the will of Nathaniel P. Merrill, deceased, seeks by this bill in equity for an authoritative interpretation of the will, as against conflicting claimants, according to R. S., c. 7, § 6, par. 7.   The will is as follows :

"Be it known that I, Nathaniel P. Merrill of Madison, being of sound mind and memory, do make this my last will and testament.

"First : I give, bequeath and devise to my daughter Maria K., all the property of which I shall die possessed, to hold during her life, the income thereof and so much of the principal as she shall need, to be spent by her, and the residue both of the principal and income that shall be left at the decease of said Maria, I give and devise to the Maine Free Baptist Home Missionary Society.

"Second : I nominate and appoint Henry Merrill, my nephew, to be executor of this will.

"Given the 7th day of June, A. D., 1878.

Nathaniel P. Merrill."

The testator died June 13, 1891.

I.   The testator's only heirs are two children, Maria K., named legatee in the will, and Matilda, not named at all in the will. Matilda claims the same share in the estate, which she would have taken if no will had been made, viz : one half, on the ground that she has no devise to her in the will.   She invokes R. S., c. 74, § 9.   As to this claim of Matilda, the evidence which was legally admissible ( *Whittemore* v. *Russell*, 80 Maine, 297,) satisfies us that the omission of any devise to Matilda was not occasioned by any mistake, but was intentional, and for what seemed to the testator to be good reasons.   Her claim, therefore, is not sustained.   All the parties have assumed that the court may determine that question in this proceeding.

II.   At the date of the will, June 7, 1878, there was in legal life the Maine Free Baptist Home Missionary Society, named in the will, and competent to take the devise therein made to it.   It

was incorporated with that name by act of the legislature, February 6, 1872 (c. 446 of Special Acts of 1872), solely "for the purpose of aiding Free Baptist Churches in this State in need of assistance." By a later act of the legislature February 26, 1889 (c. 448 of Special Acts of 1889), there was incorporated another and distinct society, with different purposes, viz: the Maine Free Baptist Association, "for religious, missionary and educational purposes." By this latter act also, the former society was authorized to transfer all its property and rights to the new association to be held and used by said new association for the purposes named in its charter, and above quoted. The act also provided that, upon such transfer, the charter of the former society, the Maine Free Baptist Home Missionary Society, * should be null and void. This society did make the transfer named in the act of 1889 to the new association, and thereby consented to its own extinction, and was extinguished.

The new association, the Maine Free Baptist Association, thus incorporated in 1889, eleven years after the date of the will, now claims the legacy bequeathed in the will to the former and extinct society.

The case does not present a question of latent ambiguity; nor any question of identity of legatee; nor any question of the testator's intent. He precisely designated, by its correct legal name, a then existing corporation capable of receiving his proposed bounty. He as precisely expressed his intent to bequeath the residue of his estate to that particular corporation. The claimant association was not in the testator's mind, nor within the purview of his bounty, for it did not exist. It is not the same society as that named in the will, with a new name. It is not even a similar society, either in organization or purpose. We cannot find that the testator intended to make any bequest to the claimant association, the Maine Free Baptist Association, or that he had it in his mind to aid in the purposes for which it was incorporated, or to make it the successor to his bounty in case of the extinction of the legatee he selected.

By the extinction of the Maine Free Baptist Home Missionary Society (the legatee named in the will), in the life-time of the

testator, the legacy to that society lapsed to the estate of the testator, and not having been otherwise disposed of by the will, it descended to his heirs as undevised estate.   *Elliot* v. *Fessenden*, 83 Maine, 204.

III.   The executor further inquires whether he becomes a trustee from the provisions of the will.   We think not.

There is nothing in the will creating a trust fund requiring the care of any trustee.   All the property was given directly to Maria to hold for life and to be spent by her, income and principal, so much as she should need.   Only the excess at her death over her needs during her life, was to go over to any one.  The control was given to her.   There is no suggestion of any guardian or testamentary trustee.   Under the provisions of the will, therefore, the executor after settling the accounts would turn the estate over to her.   *Warren* v. *Webb*, 68 Maine, 133 ; *Starr* v. *McEwan*, 69 Maine, 334; *Copeland* v. *Barron*, 72 Maine, 206 ; *Fox* v. *Senter*, 83 Maine, 295.

It appears, however, that Maria is in fact of unsound mind, and incapable of managing the estate.   This difficulty may require the appointment of a guardian, or a trustee, to manage the estate, and care for the interests of Maria, as well of the interests of Matilda, who will inherit after Maria's death ; but the executor is not made such guardian, or trustee, by the provisions of the will.

It is proper that the executor should be reimbursed out of the estate his expenses in this proceeding, but there is no ambiguity in the will, either patent or latent, and we think the unsuccessful claimants should bear their own costs.

> *Case remanded for a decree in accordance with this opinion.*