CLENHAM J. ACHORN *vs.* SAMUEL W. JACKSON, Executor.

Lincoln.    Opinion February 9, 1894.

*Deed.    Reservation.    Life Tenant.    Remainder Man.    Waste.*

In an action in the nature of waste it appeared that the plaintiff held a warranty deed from John Orff which contained the following clause, viz : " Reserving thirty acres of said land on the Medomak river during my natural life with all the privileges and appurtenances thereof to the said John Orff." *Held ;* that the legal effect of this reservation was precisely the same as that of a grant from a stranger of an estate for life to Orff with a remainder in fee to the plaintiff.

It enabled Orff to retain possession until his death and postponed the plaintiff's enjoyment of his estate in remainder until that event. It created a fixed right of present enjoyment in Orff and a fixed right of future enjoyment in the plaintiff.

One had the interest of a life tenant and the other of a remainder man, and the same result follows respecting liability for waste as usually follows from that position of the parties under our law.

The life tenant would be liable for waste.

When a grantor reserves to himself a life estate in the granted premises and desires greater privileges in the enjoyment of such reservation than legally pertain to the ordinary life estate, he must have stipulations to that effect inserted in the deed.

Settled rules of law are not permitted to yield in cases of hardship, or misfortune, in special instances; otherwise, there can be no certainty or uniformity in the disposition of landed property, or security in the law.

ON EXCEPTIONS.

A verdict having been rendered for the plaintiff, the defendant took exceptions as to the construction by the presiding justice of the deed upon which the plaintiff relied for a recovery.

The case is stated in the opinion.

*Ozro D. Castner*, for plaintiff.

*Wm. H. Fogler*, for defendant.

Orff was not a tenant for life.    The entire estate, not the use, income, premises, &c., are reserved to the grantor, who was the absolute owner in fee before he gave the deed.    Plaintiff's estate was to commence at the death of the grantor.    No seizin passed out of the grantor who reserved until a future day all that the deed undertook to convey.

Plaintiff not a remainder man.    2 Wash. R. P. 3d. Ed. page 500.    Orff's interest was not created at the same time and by the same instrument as that of Achorn's.

Achorn was not owner of the reversion.    4 Kent's Com. 393, 395 ; 2 Wash. R. P. p. 685.

The legal effect of the deed was to grant to Achorn a freehold estate, in lands to commence *in futuro*, which estate can be conveyed by deed of bargain or sale, operating under the statute of uses, though at common law it was otherwise. *Wyman* v. *Brown*, 50 Maine, 139-150 *et seq.* and cases ; *Drown* v. *Smith*, 52 Maine, 141 ; *Abbott* v. *Holway*, 72 Maine, 298.

SITTING : WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

WHITEHOUSE, J.    The plaintiff brings this action in the nature of waste against the defendant as executor of the will of his grandfather, John Orff, to recover for wood and timber cut by the testator on land alleged to have been occupied by him as a life tenant.

John Orff being seized in fee of the premises, conveyed to the plaintiff by deed of warranty a tract of land situated in Waldoboro, with this clause of reservation, viz : "Reserving thirty acres of said land on the Medomak river during my natural life, with all the privileges and appurtenances thereof to the said John Orff."

The plaintiff claims that the effect of this clause was to create a life estate in favor of Orff with a vested remainder to himself, in the thirty acres reserved.

The defendant contends, that as to the thirty acres thus reserved, the effect of the deed was not to create any present estate in the plaintiff but only an estate to commence *in futuro* ; that Orff remained the owner in fee during his life-time and hence had the right to cut wood and timber on the premises at his pleasure.

The presiding justice instructed the jury upon this point as follows : "I rule for the purposes of this case that the instrument

constituted the grandfather a tenant for life, and the grandson
(the plaintiff) the remainder man.　One had the interest of a
life tenant and the other of a remainder man, the estate coming
to him at the death of his grandfather, the grantor, and the
same results follow as usually follow from that position of the
parties under our law."

This was undoubtedly correct.　It is in harmony with the
established doctrine touching this branch of the law of real
property, and in strict accordance with the special application
of it to similar cases in this State.　"A remainder," says Kent,
Chancellor, "is a remnant of an estate in land depending upon a
particular prior estate, created at the same time and by the same
instrument and limited to arise immediately on the determination
of that estate."　4 Kent's Com. 232.　See also, 2 Wash. Real
Prop. 222.　It is immaterial that, in this case, the grantor was
the absolute owner of the land in fee at the time of the execution
of the deed in question to the plaintiff.　The process of carving
from it a life estate for the grantor himself and vesting the
remainder in the plaintiff was accomplished by the single instru-
ment in question.　The legal effect of it was precisely the same
as that of a grant from a stranger of an estate to Orff for life
with a remainder in fee to the plaintiff.　It enabled Orff to
retain possession until his death, and postponed the plaintiff's
enjoyment of his estate in remainder until that event.　It
created a fixed right of present enjoyment in Orff and a fixed
right of future enjoyment in the plaintiff.　An estate is said to
be vested in one in possession when there exists in his favor a
right of present enjoyment.　It is vested in interest when there
is a present fixed right of future enjoyment.　A vested remainder
is essentially an estate commencing *in præsenti* though to be
enjoyed *in futuro*.　2 Wash. R. P. 228.　The law favors vested
estates.　Though it may be uncertain whether a remainder will
ever take effect in possession, it will still be a vested remainder
if the interest be fixed.　The criterion is in the present capacity
of taking effect in possession.　4 Kent's Com. 237.

This is aptly illustrated by the case of *Watson* v. *Cressey*,
79 Maine, 382.　There the grantor conveyed his estate to his

two sons, but they were "to come into possession of said property after the decease" of the grantor and his wife. The deed was "to take effect and go into operation on the decease" of the grantor and his wife and "not before." In the opinion by Mr. Justice WALTON it is said : "A grantor may lawfully convey his real estate reserving to himself, or to himself and wife, a life estate in the premises. Such a conveyance vests an estate in remainder in the grantee immediately. His estate is not postponed till the termination of the life estate. His right of possession or enjoyment is postponed, but his estate, such as it is, vests immediately. In other words, he takes a vested remainder." *Wyman* v. *Brown*, 50 Maine, 139 ; *Drown* v. *Smith*, 52 Maine, 141.

The real purpose of reserving woodland during the life of the grantor may sometimes be defeated by a rigid application of the law limiting the rights of a life tenant ; but if the grantor would have greater privileges in the enjoyment of such a reservation than legally pertain to the ordinary life estate, he must have stipulations to that effect inserted in his deed. If the authority of settled rules is permitted to yield to the suggestion of hardship or misfortune in special instances, there can be no certainty or uniformity in the disposition of landed property and no stability or security in the law.

*Exceptions overruled.*