BENJAMIN B. SANDERSON, EXECUTOR UNDER THE WILL OF MARGARETTA A. LIBBY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28979.   Promulgated November 14, 1929.

*Benjamin B. Sanderson, Esq.,* pro se.
*L. S. Pendleton, Esq.,* for the respondent.

226

PHILLIPS: Margaretta A. Libby, a resident of Portland, Me., died August 14, 1923, leaving an estate valued at $494,244.03. By the terms of her will all of her estate was given to her sister, Ellen H. Libby, " for the term of her life to use the same and the income therefrom and so much of the principal thereof as she may desire for her needs and comfort." The will also provided for gifts to certain corporations which it is admitted were charitable or religious within the meaning of the Revenue Act in the amount of $98,500, of which $31,000 was payable upon the decease of Ellen H. Libby and $67,500 upon the decease of certain life beneficiaries after her life. The question for decision is whether the gifts to charitable corporations are deductible from the value of the gross estate of the decedent under the provisions of section 403 (a) (3) of the Revenue Act of 1921.

The governing provision of the Act is, " that for the purpose of the tax the value of the net estate shall be determined—(a) in the case of a resident, by deducting from the value of the gross estate    *    *    * (3) the amount of all bequests    *    *    * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary and educational purposes,    *    *    * or to a trustee or trustees exclusively for such    *    *    * purposes."

The executor duly filed a Federal estate-tax return which included a deduction of the full amount of charitable bequests. Allowance of this deduction was denied by the respondent pursuant to Treasury Regulations 70, article 47, which is the same as Regulations 63, article 50, under the Revenue Act of 1921, and provides:

Where the transfer is dependent upon the performance of some act or the happening of some event in order to become effective, it is necessary that the performance of the act or the occurrence of the event shall have taken place before the deduction can be allowed.

Where the legatee, devisee, donee, or trustee is empowered to divert the property or fund, in whole or in part, to a use or purpose which would have rendered it, to the extent that it is subject to such power, not deductible had it been directly so bequeathed, devised, or given by the decedent, deduction will be limited to that portion, if any, of the property or fund which is exempt from an exercise of such power.

The respondent urges that the provisions of the decedent's will authorizing the life tenant to use the estate and the income therefrom and so much of the principal thereof as she may desire for her needs and comfort, gave to her the unlimited power to dispose of the principal and rendered the gifts to charitable corporations so uncertain that they can not be ascertained as of the date of the death of the decedent.  *Humes* v. *United States*, 276 U. S. 487.

On the other hand, the petitioner contends that payment of the charitable bequests was assured by the execution by Ellen H. Libby of a release of any right to use any part of the principal of the estate

and also by reason of her death before the deficiency here in question was determined. Petitioner further urges that the will when properly construed does not give to the life tenant unrestricted power over the principal of the estate, to the extent that the bequests might be avoided. *Ithaca Trust Co.* v. *United States*, 49 Sup. Ct. 291; 279 U. S. 151.

It is at best doubtful whether a legatee can affect the taxable status of an estate by an attempted release of a portion of a bequest while retaining the balance of such bequest. It may well be argued that in such a case any benefit which flows to others by reason of such a release is acquired by them from the person executing the release, and not from the decedent. It is equally doubtful whether the death of the life tenant is to be considered in determining the taxable status of the estate, which must be fixed as of the date of decedent's death. *Ithaca Trust Co.* v. *United States, supra.* We find it unnecessary to pass upon either of those questions in this proceeding, for we are of opinion that a proper construction of the will leaves no uncertainty with respect to the payment of the charitable bequests.

It is elementary that in construing a will the intention of the testator is sought. No construction is to be placed upon particular words or phrases which will defeat the manifest purpose as disclosed by the instrument as a whole. If there is any ambiguity which permits of construction, the surrounding circumstances are considered helpful in seeking the intention.

The second clause of the will of this decedent gives all the estate to a sister " for the term of her life to use the same and the income therefrom and so much of the principal thereof as she may desire for her needs and comfort." If these words are considered alone, they lend support to the contention of the respondent that the life beneficiary had the principal at her disposal and the contingencies under the will were such that it could not be determined whether or not any amounts would be paid the charitable corporations. But it appears that decedent had no thought that the principal would be used to an extent which would consume her estate for in the following clause she bequeaths $54,000, payable upon the death of her sister, and in paragraph fifth creates a trust of " all the rest, residue and remainder of my estate." It would be improbable that any court of equity, reading this will as a whole, would consider that it gave to the life tenant the unrestricted right to use the principal. A more reasonable interpretation, and one which would appear to meet the intention of the testator, would be that the life tenant should have the use and disposition of those articles enumerated in paragraph fourth of the will and so much of the principal of the estate as might be desirable for her needs and comfort.

The decedent undoubtedly had in mind not only the size of her own estate and the life income to be derived from it, but the circumstances of her sister, who was an old woman and possessed of an estate equal to her own, both having inherited equally from their father, all of which convinces us that the decedent intended a definite limitation on the power of the life beneficiary to dispose of the corpus of the estate. See *Bodfish* v. *Bodfish*, 105 Me. 166; *McGuire* v. *Gallagher*, 99 Me. 334; *Merrill* v. *Hayden*, 86 Me. 133; *Young* v. *Hillier*, 103 Me. 17. We think this case falls fairly within the principal laid down in *Ithaca Trust Co.* v. *United States, supra*, where the court said:

> The standard was fixed in fact and capable of being stated in definite terms of money. * * * There was no uncertainty appreciably greater than the general uncertainty that attends human affairs.

Ellen H. Libby was almost 83 years old at the decease of her sister. Her living expenses had for several years been substantially less than the income of her own and her sister's estate, and, while there was a bare possibility, it was highly improbable that it would be necessary to use any of the principal of the decedent's estate, her income from the combined estates being amply sufficient for her needs and comfort. The charitable bequests became vested on the death of the testator and their value was ascertainable as of that time. See *First National Bank of Birmingham* v. *Snead*, 24 Fed. (2d) 186; *Herron* v. *Heiner*, 24 Fed. (2d) 745; *Achorn* v. *Jackson*, 86 Me. 215; 29 Atl. 989; *Mercantile Trust Co.*, 13 B. T. A. 85.

The charitable bequests should be estimated as of the date of the death of the testator by mortuary tables, taking into account the probable life of Ellen H. Libby, the first life beneficiary, and the five life beneficiaries after her life, namely, Nathalie Lord, Agnes McC. Lord, Mary McDonald, Lillie W. Libby, and Harrison J. Libby. *Ithaca Trust Co.* v. *United States, supra.*

*Decision will be entered under Rule 50.*