JOHN C. SMALL, Appellant, *vs.* GEORGE E. THOMPSON.

Cumberland.    Opinion April 4, 1899.

*Will.   Life Estate with power of disposal.   Accounting.   Exceptions.*

A testator devised and bequeathed to his widow, for her life, all of his estate after the payment of debts, funeral expenses and the charges of administration, with a power of disposal of the same as she might deem necessary, the remainder to his children and their heirs. She was also named as executrix of the will. This life estate with power of disposal was repeated afterward and expressly confirmed by a codicil of the testator.

After the death of the widow, she having survived the testator some ten years, her executor presented to the probate court her account as executrix, which was objected to by the appellant, the administrator de bonis non of the estate of the testator, with the will annexed. Upon a hearing in the probate court the executrix was charged with the sum of $12,215.75. She was credited with items amounting to $1484.53 for debts of the testator, expenses of his last sickness and funeral and with certain charges of administration. She was also credited with a large number of items aggregating $10,320.25 for expenses incurred and paid by the executrix for her own support, comfort and use. Items amounting to $4223.27 for taxes and repairs upon the real estate of the testator were also allowed to the credit of the executrix, and she was credited with a certain amount for depreciation of household goods and of bonds and with other allowances, so that in the account as finally settled and allowed in the probate court, she was credited in all with the sum of $18,163.37, leaving a balance in favor of the deceased executrix of $5947.62.

From the allowance of this account an appeal was taken by the administrator de bonis non with the will annexed, and at the hearing in the Supreme Court of Probate the court held that the will and codicil gave to the widow a life estate in all the property of the testator after payment of debts, funeral expenses and charges of administration, with a power of sale and disposal thereof as she might choose; and that at her decease any property of the testator remaining in her hands goes to his heirs at law; and that any personal property so remaining should be delivered to his administrator de bonis non for that purpose. The court found that at the time of the death of the executrix there remained in her hands, undisposed of, certain articles of personal property, enumerated in the decree, which were a portion of the estate of the testator.

The Supreme court of Probate also made a decree in which the appeal was sustained, the decree below reversed and the cause remanded to the probate court to proceed in accordance with the decree as follows: "So as to

charge the appellee with the personal property above enumerated which may be subjected to the charges of administration not actually paid by the executrix in her lifetime and then paid or delivered to the administrator of the testator, Horatio N. Small, de bonis non, by him to be applied to the payment of the debts of said Harriet N. Small (the deceased widow) and her funeral expenses, the charges of administration and then distributed among the heirs at law of said Horatio N. Small (the testator,) as provided in his will."

Upon exceptions to this decree *held;* that the principle which should control the settlement and allowance of this account depended upon the will of the testator and the construction placed thereon, and that the Supreme Court of Probate could not have passed intelligently upon the questions before it on appeal without first ascertaining, by a construction of the will, the rights of the devisees thereunder; and that nothing further was done by the court in this respect than was necessary for that purpose:

That under the will and codicil the widow took a life estate with an unlimited power to dispose of any portion of it "for her benefit, so far as she may deem necessary." That she was the absolute judge of the necessity, but that this power of disposal must be exercised during the enjoyment of the life estate, except to the extent, because of the provision in the will, of the payment of debts owing by the life tenant at the time of her death. and her funeral expenses:

That the objection of the appellee to the finding of fact by the justice presiding at nisi prius, who heard the appeal without a jury, as to the existence in specie of certain articles of personal property belonging to the estate of the testator, is not open to the appellee upon his exceptions.

That the decree is sufficiently definite to determine the rights of all persons affected by it.

*Held;* that the deceased executrix by the decree is not made chargeable with any portion of the estate of the testator which she had disposed of during her life, as she had a right to under the will, but only with such articles of personal property belonging to the estate of the testator as the court found had been undisposed of by her and which remained in specie at the time of her death; and the only duty to be performed by her personal representative, according to the decree, is to account for such articles. This duty and its extent is clearly expressed in the decree.

ON EXCEPTIONS BY APPELLEE.

Exceptions by the defendant appellee to a decree of the Supreme Court of Probate, sustaining an appeal from the allowance of an account by the probate court, for the county of Cumberland.

The appeal arose in the following manner: Dr. Horatio N. Small, a resident of Portland, died in 1887, testate, possessed of certain real and personal property, and of certain life insurance policies. His will was duly probated in the county of Cumberland, and his

widow, Harriet N. Small, nominated therein as executrix, was appointed by the court to that office, and seasonably filed an inventory of the estate. Mrs. Small survived her husband ten years, dying in April, 1897, never having filed any account as executrix, and never having taken any other proceedings in the probate court with reference to this estate. The appellant was then appointed administrator de bonis non, c. t. a. Mrs. Small nominated in her will, which was duly proved and allowed, George E. Thompson, the appellee, to be executor, and he took possession of all property which had belonged to Mrs. Small, and of all personal property which then remained of the estate of Horatio N. Small. On the twenty-seventh day of November, 1897, Mr. Thompson filed in the probate court an account of his testatrix as executrix of Horatio N. Small. A hearing was had thereon, and the account with some amendments thereto, was allowed by the probate court. To the decree of the probate court allowing this account, the appellant appealed to the Supreme Court of Probate, and after a hearing thereon at the April term, 1898, of said court, the appeal was sustained. The case came before the law court upon exceptions by the appellee to the decree of the Supreme Court of Probate sustaining the appeal. This decree is stated in the opinion.

*Richard Webb*, for plaintiff appellant.

Counsel cited: *Manning* v. *Devereux*, 81 Maine, 560; *Jones* v. *Bacon*, 68 Maine, 34; *Taylor* v. *Brown*, 88 Maine, 56; *Stuart* v. *Walker*, 72 Maine, 145; *Copeland* v. *Barron*, 72 Maine, 206; *Welsh* v. *Woodbury*, 144 Mass. 542; *Hall* v. *Otis*, 71 Maine, 326; *Hatch* v. *Caine*, 86 Maine, 283; *Ford* v. *Ticknor*, 169 Mass. 276.

*Clarence W. Peabody*, for appellee.

The finding that there remained in the hands of the executrix at the time of her death certain bonds and chattels belonging to the estate of Horatio N. Small is erroneous.

1. It erroneously assumes as matter of law that, because the property was in esse and was in the hands of Harriet N. Small at the time of her death, it was the property of the estate of Horatio N. Small; on the contrary it belongs to the estate of the deceased

executrix by reason of payments and advancements properly made by her in excess of the total value of the personal estate with which the law charged her. 1 Williams on Ex'rs, 572, 573; Schouler, Ex'rs & Adm'rs, § 243; *Munroe* v. *Holmes*, 13 Allen, 109; *Foster* v. *Bailey*, 157 Mass. 160; *Woods* v. *Ridley*, 27 Miss. 119; *Watson* v. *McClanahan*, 13 Ala. 57; *Matter of Bolton*, 146 N. Y. 257; *Pettingill* v. *Pettingill*, 60 Maine, 411.

2.   Even if it is determined that the executrix was not justified in making such payments and advancements, she was certainly authorized to deliver the property to herself as beneficiary or legatee under the will which would equally complete the administration. *Pierce* v. *Stidworthy*, 79 Maine, 234.

The construction given to the will of Horatio N. Small by the Supreme Court of Probate so far as it related to the tenure of the legatees was not material in the decision of any issue properly raised by the reasons of appeal.

1.   It was not necessary to determine the nature of the bequest to the wife of the testator.

2..   A construction by the equity court may be ultimately necessary to determine the title to the remaining property of the estate by deciding whether Mrs. Harriet N. Small was a life tenant or tenant in fee, and at the hearing upon the construction of the will her devisees would have a right to be heard. R. S., c. 77, § 6. *Penobscot R. R.* v. *Weeks*, 52 Maine, 456.

SITTING:   EMERY, WHITEHOUSE, WISWELL, STROUT, FOGLER, JJ.

WISWELL, J.   Horatio N. Small died in 1887, leaving a will by the terms of which all of his estate, after the payment of debts, funeral expenses and the charges of administration, was devised and bequeathed to his widow for her life with a power of disposal for her benefit as she might deem necessary, and the remainder to his children and their heirs.   She was also named as executrix of the will.

After the death of Harriet N. Small, the widow, in 1897, her executor, the appellee, presented to the probate court her account as executrix, which was objected to by the appellant, the administrator de bonis non of the estate of Horatio N. Small, with the will annexed.    Upon a hearing in the probate court the executrix was charged with the sum of $12,215.75.    She was credited with items amounting to $1,484.53 for debts of the testator, expenses of his last sickness and funeral and with certain charges of administration.    She was also credited with a large number of items aggregating $10,320.25 for expenses incurred and paid by the executrix for her own support, comfort and use.    Items amounting to $4,223.27 for taxes and repairs upon the real estate of the testator were also allowed to the credit of the executrix, and she was credited with a certain amount for depreciation of household goods and of bonds and with other allowances, so that in the account as finally settled and allowed in the probate court she was credited in all with the sum of $18,163.37, leaving a balance in favor of the deceased executrix of $5,947.62.

From the allowance of this account an appeal was taken by the administrator de bonis non with the will annexed, and at the hearing in the Supreme Court of Probate the court held that the will and codicil gave to the widow a life estate in all the property of the testator after payment of debts, funeral expenses and charges of administration, with a power of sale and disposal thereof as she might choose, and that at her decease any property of the testator remaining in her hands goes to his heirs at law; that any personal property so remaining should be delivered to his administrator de bonis non for that purpose.    The court found that at the time of the death of the executrix there remained in her hands undisposed of, certain articles of personal property, enumerated in the decree, which were a portion of the estate of the testator, and made the following decree:    "It is therefore ordered, adjudged and decreed that the appeal be sustained and that the decree below be reversed and the cause be remanded to the probate court to proceed in accordance with this decree, viz,—So as to charge the appellee with the personal property above enumerated which may be sub-

jected to the charges of administration not actually paid by the executrix in her lifetime and then paid or delivered to the administrator of the testator, Horatio N. Small, de bonis non, by him to be applied to the payment of the debts of said Harriet N. Small and her funeral expenses, the charges of administration and then distributed among the heirs at law of said Horatio N. Small, as provided in his will."

To this decree the appellee has alleged various exceptions. It is urged by him that the Supreme Court of Probate had no jurisdiction for the construction of the will further than was necessary in determining the issues before it and that the construction of the will by the court was erroneous.

It seems to us that the principle which should control the settlement and allowance of this account depended absolutely upon the will of the testator and the construction placed thereon, and that the Supreme Court of Probate could not have passed intelligently upon the questions before it upon appeal without first ascertaining by a construction of the will the rights of the devisees thereunder. Nothing further was done by the court in this respect than was necessary for that purpose.

As to the particular construction of the will given by the court at nisi prius, we are unable to see how any other conclusion could have been arrived at. That the testator gave all of his estate, after the payment of debts, funeral expenses and charges of administration, to his widow for her life, with an absolute power of disposal for her use and benefit, and at her death and " after payment of her just debts and funeral expenses," the remainder, if any, to his children, seems to be sufficiently clear from the language of the will itself. But in order to remove any possibility of doubt the testator added a codicil in which this language was used, "but to make more clear my intention therein I declare that my will is, that the gift, bequest and devise to my said beloved wife is not to be absolute or an estate in fee but an estate for and during her natural life, with the right to dispose of the property so given, bequeathed and devised to her, by full title under the authority of the said will as therein provided, for her benefit, so far as she may deem necessary."

There can be no possible question as to the testator's intention and it is equally clear that appropriate language was used in the will and codicil to carry this intention into effect. As was said by this court in *Hatch* v. *Caine*, 86 Maine, 282: "It is settled law in this state that, under wills similar to the one now before us, the widow takes only a life estate, and that whatever remains of the estate at her decease, goes to the beneficiaries named in the will, and that a bill in equity may be maintained by the administrator de bonis non cum testamento annexo, to obtain possession of the remainder."

If an estate is given for life in express terms, it is not to be extended by implication arising from an annexed power of disposal, however unqualified. *Copeland* v. *Barron*, 72 Maine, 206.

In this case the widow took a life estate with an unlimited power to dispose of any portion of it "for her benefit, so far as she may deem necessary." She was the absolute judge of the necessity. *Richardson* v. *Richardson*, 80 Maine, 585.

But this power of disposal must be exercised during the enjoyment of the life estate, except in this case because of the provision of the will, to the extent of the payment of debts owing by the life tenant at the time of her death, and her funeral expenses. The very recent case of *Ford* v. *Ticknor*, 169 Mass. 276, is remarkably like the one under consideration. In that case the court said: "We regard the power in the present case as one only to be exercised during the active enjoyment of the life estate, and in aid of that enjoyment."

It is urged that the finding of fact by the justice presiding at nisi prius, who heard the appeal without a jury, as to the existence in specie of certain articles of personal property belonging to the estate of the testator was erroneous and unauthorized, but this objection is not open to the appellee upon his exceptions. *Manning* v. *Devereux*, 81 Maine, 560.

Again, it is said that the decree made at nisi prius was too indefinite, that it should have allowed certain items or classes of items and disallowed others, or it should have directed the judge of probate in what particulars he should require a modification of the

account.   We do not think that these objections are tenable.   By this decree the deceased executrix is not made chargeable with any portion of the estate of the testator which she had disposed of during her life, as she had a right to under the will, but only with such articles of personal property belonging to the estate of the testator as the court found had been undisposed of by her and which remained in specie at the time of her death, and the only duty to be performed ·by her personal representative, according to the decree, is to account for such articles.

This duty and its extent is clearly expressed by the decree.   It adopts a principle for the settlement of the account entirely different from that upon which the allowance of the account in the probate court was based.   It is in accordance with well settled rules of law and is sufficiently definite to determine the rights of all affected by it.

*Decree affirmed with costs.*