# CASES

## IN THE

# SUPREME  JUDICIAL  COURT

## OF THE

## STATE OF MAINE

---

ELIZABETH A. YOUNG

*vs.*

NORRIS L. HILLIER.

Penobscot.   Opinion July 13, 1907.

*Wills.   Construction.   Life Estate.   Power of Sale.*

A testator made the following provisions in his will: —

"Item.   I give, devise and bequeath to my wife, E. A. M. all my estate both real and personal wherever found and however situate for her use during life.

"Item.   At the death of my said wife, whatever may remain of said estates, I give, devise and bequeath to my daughter, E. A. Y."

*Held:*  That a power of sale by the life tenant was annexed by implication, to the devise of the life estate in the first item, and that it sufficiently appears that the testator intended the power of sale to extend to both the real and the personal estate.

The power of sale as to the real estate having been exercised by the life tenant in her lifetime, the remainder man, who is the plaintiff was thereby divested of her title to the real estate which is demanded in this action.

On report.   Judgment for defendant.

Real action brought to recover a certain lot of land in Orrington, containing about five acres, and being the former homestead of Nathan P. Marston, deceased testate, and of which he died, seized

and possessed. Plea the general issue with brief statement alleging the title to the demanded premises to be in the defendant and not in the plaintiff.

Tried at the April term, 1907, of the Supreme Judicial Court, Penobscot County. At the conclusion of the evidence, on both sides, it was agreed to report the same to the Law Court, and that court "upon so much thereof as is legally admissible," "to render such judgment as the law and the evidence require."

The action involved a construction of the last will and testament of the said deceased testate, Nathan P. Marston, father of the plaintiff. Said last will and testament is as follows :

"Be it remembered that I, Nathan P. Marston of Orrington in the County of Penobscot in the State of Maine being of sound and disposing mind and memory, but mindful of the uncertainty of this life, do make, publish and declare this my last will and testament, hereby revoking all former wills by me made.

"After the payment of my just debts, funeral charges and expenses of administration, I dispose of my estate, as follows :

"Item. I give, devise and bequeath to my wife, Elizabeth A. Marston, all my estate both real and personal wherever found and however situate for her use during life.

"Item. At the death of my said wife Elizabeth, whatever may remain of said estates, I give, devise and bequeath to my daughter Elizabeth A. Young.

"Item. I nominate and appoint J. Wyman Phillips of said Orrington sole executor of this my last will & testament.

"In Testimony Whereof, I hereunto set my hand and seal, and declare this to be my last will and testament, this tenth day of August in the year one thousand eight hundred and ninety-five."

"NATHAN P. MARSTON (L. S.)"

The testator died shortly after making the aforesaid will, and the same was duly approved and allowed by the Probate Court, Penobscot County.

All the material facts are stated in the opinion.

*C. A. Bailey and T. D. Bailey*, for plaintiff.

*P. H. Gillin*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

SAVAGE, J.   This is a real action which involved a construction of the will of Nathan P. Marston.   The particular clauses which are in question are these :—

"Item.   I give, devise and bequeath to my wife, Elizabeth A. Marston, all my estate both real and personal wherever found and however situate for her use during life.

Item.   At the death of my said wife Elizabeth, whatever may remain of said estates, I give, devise and bequeath to my daughter Elizabeth A. Young."

Elizabeth A. Marston is now deceased, and the plaintiff, who is the Elizabeth A. Young named in the second devise, claims title as remainder man.   The defendant claims title under Elizabeth A. Marston, who in her lifetime mortgaged the demanded premises to Mary F. Blethen.   The mortgage was foreclosed, and subsequently the premises were conveyed by the mortgagee to the defendant, Mrs. Marston joining in the deed, as a grantor.

There can be no question but that the first clause of the will, above quoted, standing alone, created a life estate in the widow, and only a life estate.

It follows that the only question at issue is whether by the terms of the will, properly interpreted, a power of disposal was annexed to the devise for life.   If so, the estate demanded now belongs to the defendant.   If not, it belongs to the plaintiff.

It is contended by the defendant that from the use of the words "whatever may remain of said estates" in the devise of the remainder to the plaintiff, it is to be implied that the testator intended to give to the life tenant more than the mere use of the estate real and personal; that he intended, in fact, to give her a power of disposal both of the real and the personal estate.

To give effect to the intention of the testator, provided it is consistent with the rules of law, lies at the foundation of every judicial construction of a will.   The questions always are, what was the intention of the testator, and can it be given effect without

violating legal principles.  It is the intention as expressed that must control.  *Cotton* v. *Smithwick*, 66 Maine, 360.  The language must be construed according to settled canons of interpretation, *Ramsdell* v. *Ramsdell*, 21 Maine, 288, even though it may defeat the probable intention.  *Pickering* v. *Langdon*, 22 Maine, 413. But a will, if ambiguous, is to be read and construed in the light of such existing conditions as may properly be supposed to have been in the mind of the testator, such as the situation and relationship of his beneficiaries, and the situation and amount of the estate. *Smith* v. *Bell*, 6 Pet. 68 ; Follweiler's Appeal, 102 Pa. St. 581.

After making provision for his wife, then sixty-seven years old, by creating a life estate in real and personal property for her use, this testator devised "whatever may remain of said estates," at the death of the wife, to his daughter.   It is generally conceded that by the use of such an expression in the devise of a remainder after a life estate is expressly created, or by the use of the expression "if any remains," or by the use of any words of similar import, a power of sale is annexed to the devise of the life estate by implication. This rule has been many times affirmed in this State.   *Ramsdell* v. *Ramsdell*, 21 Maine, 288 ; *Shaw* v. *Hussey*, 41 Maine, 495 ; *Warren* v. *Webb*, 68 Maine, 133 ; *Stuart* v. *Walker*, 72 Maine, 145 ; *McGuire* v. *Gallagher*, 99 Maine, 334.   So in Massachusetts *Harris* v. *Knapp*, 21 Pick. 412 ; *Johnson* v. *Battelle*, 125 Mass. 453.   Some courts have held that when a life estate in both real and personal property has been created, a devise of "whatever remains," or the use of words of similar import, annexes to the life estate, by implication, a power of sale of the personal property only. In *Foote* v. *Saunders*, 72 Mo. 616, for instance, a case cited by the plaintiff here, such was held to be the rule.   But the court in that case said that the contrary doctrine was favored by the cases in Maine and Massachusetts, and expressed the opinion that the " extreme views" held in these two states were met and answered by *Smith* v. *Bell*, 6 Pet. 68, and *Brant* v. *Coal & Iron Co.*, 93 U. S. 332.   In this connection it is worth while to notice that our own court, speaking by Chief Justice PETERS in *Stuart* v. *Walker*, 72 Maine, 145, characterized *Smith* v. *Bell* as " a case differing

somewhat from many of the authorities," and declined to follow it.

But whatever may be the rule in other states, we regard it as well settled in this State that such an implication raised from the general expression "whatever may remain" may apply to real estate as well as to personal estate, when the life estate consists of both, and will so apply, if such appears to have been the intention of the testator. *Ramsdell* v. *Ramsdell*, 21 Maine, 288 ; and other cases cited supra. So that, if such an intention appears in this will, it can be enforced.

And we think it clear that such was the testator's intention. He was providing for an aged wife, surely in greater need of care than the daughter. He gave her, by implication, the power to sell some of the estate at least. Was that power intended to be limited to the personal estate? It is hardly credible that it was. The personal estate only amounted to $186.25. The real estate from which she could receive only the income or use unless she could sell it, amounted to only $800. If such be the construction of the will, but scant provision was made for the wife, and the bulk of the estate, small though it was, went to the daughter in the end. But we are not left to conjecture. The testator having created a life estate in real estate and a life estate in personal estate, in the wife, devised "whatever may remain of said estates," both of them. It was not whatever should remain of his estate in general, but whatever should remain of the real estate and of the personal estate. The word "estates," in the plural, naturally has this significance, and we think it expressed the real intention of the testator. By saying that only so much of the real estate as might "*remain*" at the death of the wife, should pass to the daughter, he expressed his purpose that the use given to the wife should extend to a sale of it, if she wished or needed. Otherwise there is no practical significance in the use of the word "remain" in this connection.

Accordingly the law implies a power of sale as annexed to the estate for life in the real estate. That power was effectually exercised by the life tenant in her lifetime, and no estate in remainder in the real estate fell to the daughter at the death of the mother. The title to the demanded premises is in the defendant.

*Judgment for the defendant.*