Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and Keenan, JJ., and Cochran, Retired Justice

JOHN W. WARE, Jr., TRUSTEE, ET AL.

v. Record No. 950279

SHIRLEY M. CROWELL

OPINION BY JUSTICE BARBARA MILANO KEENAN
January 12, 1996

ROBERT W. JENSEN

v. Record No. 950285

SHIRLEY M. CROWELL

FROM THE CIRCUIT COURT OF MIDDLESEX COUNTY
John M. Folkes, Judge

In this appeal, we consider whether a written release of an expectancy interest in an ancestor's estate bars the releasing party from taking property under the terms of the ancestor's will.

Edna Jensen Buric and her two adult children, Shirley M. Crowell and Robert W. Jensen, owned real property in Illinois as tenants in common. In 1985, Buric wanted to sell the property, but Crowell refused. Buric then brought an action in an Illinois circuit court, seeking a ruling that a quitclaim deed to the property conveyed a fee simple interest to her alone.

In December 1985, Crowell entered into a written agreement with her mother and brother settling the Illinois action. Under the settlement agreement, Crowell received $16,000, which represented one-third of the proceeds of sale of the property. The agreement further provided that Jensen would receive no proceeds from the sale.

The settlement agreement included the following release. [Crowell] does hereby disclaim any and every right, benefit, title and interest which she might or could receive from Buric now or at the time of her death, including, but not without limiting the generality of the foregoing, each and every bequest and devise that may be contained in the last will and testament of Buric, any and all rights which she might or could have as an heir at law of Buric, . . . and any and all other rights which might or could be conferred upon her as a result of any act done by Buric. She further agrees not to file any petition to contest the validity of Buric's will or any inter vivos transfers at the time of her death or in any manner interfere in the orderly process of the administration of the estate of Buric.

In August 1989, Buric executed a will which provided a specific bequest of $16,000 to Jensen. The will also contained a residuary clause devising the balance of Buric's estate to Crowell and Jensen in equal shares. At the time of her death on March 13, 1990, Buric owned the real property in Virginia that is the subject of this appeal.

Following Buric's death, Jensen borrowed the sum of $100,000 from Southside Bank. The notes were secured by two deeds of trust on the Virginia property. Crowell later filed a bill of complaint seeking a declaratory judgment that she owned a one-half interest in the property free from the deeds of trust executed by Jensen. She also asked the trial court to partition the property in a manner consistent with her asserted ownership interest.[1]

[1]Crowell subsequently nonsuited her claim requesting a partition of the property.

The trial court held that the 1985 agreement was not a valid prior release of Crowell's interest in her mother's estate, and that this agreement did not affect title to the disputed Virginia property. The court further held that Crowell owned an undivided one-half interest in the property which was not subject to the deeds of trust. Jensen, Southside Bank, and the trustees John W. Ware, Jr., and William L. Lewis (collectively, Jensen) appealed the trial court's judgment.

Jensen argues that, by the 1985 agreement, Crowell relinquished all interest in Buric's estate. Thus, he contends that the agreement bars Crowell from taking under the will because she agreed to receive, during her mother's lifetime, a sum in lieu of her expected inheritance.

In response, Crowell asserts that Headrick v. McDowell, 102 Va. 124, 45 S.E. 804 (1903), establishes a rule that Virginia does not recognize a release of an expectancy interest in an estate. Crowell also asserts that a valid release of a testamentary interest must comport with Code §§ 64.1-188 to -196. She argues that the release in this case is not binding because it does not satisfy the requirements of those statutes. We disagree with Crowell.

Initially, we note that, since this case involves the passage of title to real property located in Virginia, the law of Virginia controls. Seaton v. Seaton, 184 Va. 180, 183, 34 S.E.2d 236, 237 (1945); see 1 Harrison on Wills and Administration § 4

(3rd ed. 1985). However, the issue presented is one of first impression regarding the effect of a release on the right to take property under a will.

At least twenty-two of the twenty-five jurisdictions that have addressed the issue recognize the enforceability of a release of an expectancy interest in an ancestor's estate. E.g., Martin v. Smith, 404 So. 2d 341, 343 (Ala. 1981); In re Garcelon's Estate, 38 P. 414, 419 (Cal. 1894); Donough v. Garland, 109 N.E. 1015, 1017 (Ill. 1915); Callicott & Norfleet v. Callicott, 43 So. 616, 618 (Miss. 1907); Stewart v. McDade, 124 S.E.2d 822, 826-27 (N.C. 1962); Henrich v. Newell, 240 N.W. 327, 331 (S.D. 1932); Hamilton v. McKinney, 357 S.W.2d 348, 361 (Tenn. Ct. App. 1961). Under the majority rule, which we adopt for purposes of testate succession, a release of an expectancy interest in an estate, freely and fairly made, is binding on the releasing beneficiary and excludes that beneficiary from participation in the ancestor's estate. Stewart, 124 S.E.2d at 827.

The release must be based on a valuable consideration and must be made in good faith and free from circumstances of fraud or oppression. See Martin, 404 So. 2d at 343. As a contract, the release effectively conveys the expectancy interest to the other beneficiaries when the interest becomes vested at the time of the ancestor's death. See Donough, 109 N.E. at 1016.

In the present case, the parties' 1985 agreement was a

- 4 -

contract among three adults that eliminated Crowell's right to share in Buric's estate. The record contains no evidence that the agreement was made in bad faith or under circumstances of fraud or oppression.

In consideration of the provision eliminating Crowell's right to take property under Buric's will, Crowell acquired the right to receive a share of the proceeds from the Illinois property. Buric could not alter by will the rights Jensen acquired in this agreement. Foremost among these rights was the exclusion of Crowell from taking property under Buric's will. When Buric died, Crowell's expectancy interest in Buric's estate vested in Buric's other beneficiaries. See Donough, 109 N.E. at 1016. Thus, we conclude that Crowell's release of her expectancy interest in Buric's estate is binding.

This result is not altered by our prior decision in Headrick. There, we held that covenants with an ancestor to relinquish all interest in the ancestor's estate cannot affect application of the statutes governing descent and distribution, except to the extent that any property advanced must be treated as an advancement and brought into hotchpot. 102 Va. at 127, 45 S.E. at 805. However, since Buric died testate, Headrick is inapplicable to the present case.[2]

_____

[2]We also note that Code §§ 64.1-188 to -196 are not relevant to our decision. Those sections apply only to instruments disclaiming succession to property passing under a will or by

For these reasons, we will reverse the trial court's judgment and enter final judgment dismissing Crowell's bill for declaratory judgment.

<u>Reversed and final judgment</u>.

(..continued)

descent or distribution, which may be filed after the death of the decedent.