# CIRCUIT COURT OF THE CITY OF NORFOLK

John C. Bowman, etc., et al.

v.

Melinda V. Mericle, etc., et al.

August 31, 2005

Case No. (Chancery) CH01-1427

BY JUDGE EVERETT A. MARTIN, JR.

This letter addresses Complainants' exceptions 13 and 17 and Mericle's exception 5, all of which relate to the letter agreement, Plaintiff's Stipulated Exhibit 23, and Mericle's conveyance of the real estate to herself. The Commissioner addressed this subject in Section IV of his report. He concluded the agreement was valid between Mericle and Bowman, but that, as Edelblute had only an expectancy in the Revocable Trust and died before Mrs. Tadlock, Edelblute's expectancy went directly to her surviving children, who are not bound by the letter agreement. The deference the Court ordinarily gives to the Commissioner's Report does not apply to pure conclusions of law. *Hill v. Hill*, 227 Va. 569, 318 S.E.2d 292 (1984). I believe the Commissioner was correct as to Bowman's interest in the trust, but incorrect as to Edelblute's. Thus, I overrule Complainants' exceptions 13 and 17, and I sustain Mericle's exception 5. I use the same capitalized terms in this letter as I used in the letter of July 28.

The dispositive provision of the Revocable Trust (Plaintiff's Stipulated Exhibit 11) provides: "As soon as is reasonably possible after my death, my Trustee shall distribute the remaining Trust Estate equally to my children, per stirpes."

Code of Virginia § 55-6 provides in pertinent part: "Any interest in or claim to real estate . . . may be disposed of by deed or will. Any estate may be made to commence *in futuro*, by deed, in like manner as by will. . . ." In construing this statute, the Supreme Court of Virginia held:

> The effect of this enactment . . . is to obviate at once all the difficulties growing out of the distinctions which had been established by judicial construction between such estates as were alienable and such as were not. It will not be doubted, we suppose, that, under this statute, every conceivable interest in or claim to real estate, whether present or future, vested or contingent, and however acquired, may be disposed by deed or will.

*Young v. Young*, 89 Va. 675, 678, 17 S.E. 470, 471 (1893).

Furthermore, Code of Virginia § 55-52 provides:

> When a deed purports to convey property, real or personal, describing it with reasonable certainty, which the grantor does not own at the time of the execution of the deed, but subsequently acquires, such deed shall, as between the parties thereto, have the same effect as if the title which the grantor subsequently acquires were vested in him at the time of the execution of such deed and thereby conveyed.

Mericle has not claimed the agreement is a deed, and I make no such finding. However, if one can by deed convey "every conceivable interest" in real estate, as well as real estate not owned at the time of the execution of the deed, it would seem that one could similarly contract to convey such an interest. Indeed, in *Heuser v. Belvin*, 118 Va. 346, 87 S.E. 594 (1916), the Court applied former Va. Code § 2418 (now § 55-6) in upholding a contract in which trust beneficiaries agreed to sell their remainder interest in land the trust owned. Furthermore, if a person enters into a contract to sell real property and dies while the contract remains executory, the seller's heirs have no interest in the real property; rather, the seller is deemed to have bare legal title to the land and equitable ownership of the purchase money, which, as personalty, passes to his personal representative and not his heirs. *Johnson v. Merritt*, 125 Va. 162, 173, 99 S.E. 785, 788 (1919).

It is, of course, true that the three sisters had no direct interest in the real estate; each had a vested remainder in one-third of the trust corpus subject to divestment by Mrs. Tadlock before her death. A leading commentator on trusts

has written: "In the absence of provisions in the trust instrument or a statute to the contrary, the beneficiary may alienate his interest as freely as he might a legal estate or interest." Bogert, *The Laws of Trusts and Trustees*, § 188 (2d ed. 1979). Virginia law has long recognized that a beneficiary may alienate his interest in a trust. *Burnett v. Hawpe's Ex'r*, 66 Va. (25 Gratt.) 481 (1874). The Supreme Court has recently held that an estate beneficiary may release his expectancy in an estate, which, in *Ware v. Crowell*, 251 Va. 116, 465 S.E.2d 809 (1996), had the effect of a sale by one beneficiary to the other. After considering these authorities I can think of no reason that should prevent a beneficiary from alienating a part of his interest in the trust.

This resolves all of the exceptions filed to the Commissioner's Report.