# CIRCUIT COURT OF LOUDOUN COUNTY

Thomas F. Brosnan, Sr., et al.

v.

Frederick W. Ford, Jr., et al.

May 2, 2006

Case No. (Chancery) 23649

BY JUDGE THOMAS D. HORNE

This case came before the Court on the motion of the complainant to enforce the terms of a settlement of the instant cause. On September 30, 2005, a letter was authored by counsel for the complainants setting forth the terms of a settlement among the parties. Among other things, the terms of the letter provided as follows:

> WAIVER: Mr. Ford [defendant, Frederick W. Ford, Jr.,] and the Brosnan family *forever* waive and release any interest in Mrs. Ford's estate and the estate of Edward Moore.

Mr. Ford is the only child of Mary M. Ford and beneficiary of his mother's estate in the event of her death.

In the instant bill of complaint, it is alleged that Mr. Ford and the other defendants collaborated in a scheme to defraud and exploit money and property from Mary Ford. In accordance with the agreement, an Order was entered on October 31, 2005, dismissing the case as to all of the defendants excepting Frederick W. Ford, Jr.

Complainants are the co-conservators and co-guardians of Mrs. Ford, as their ward has been judicially determined to lack the capacity to manage her own person or affairs.

Frederick W. Ford, Jr., sought the protection of the bankruptcy court subsequent to having entered into and signed the letter of September 30, 2005. The judge of the bankruptcy court, by order entered on February 15, 2006, modified the automatic stay so as:

> to allow the [co-guardians and co-conservators] to seek enforcement of the settlement agreement – other than the provision that, in the event of bankruptcy, the debtor will reaffirm his liabilities under the agreement – in the Circuit Court of Loudoun County, Virginia, or if that court determines that the agreement will not be enforced, to proceed with the trial of the action; however, no process shall issue to enforce any money judgment against the debtor, nor shall any such judgment be docketed as a lien against the debtor's real property except upon further order of this court or unless the debt is hereafter declared to be nondischargeable, the debtor is denied a discharge, or the debtor's case is dismissed.

Accordingly, complainants now seek compliance of the provision of the settlement letter relating to "Waiver."

Cash payments are required of the co-defendants by the settlement letter. It is expressly provided that those payments "become the assets of Mrs. Ford *or her estate* upon payment or upon the due date for each payment." The letter further provides that, "[i]f Mrs. Ford dies prior to a due date listed above, all prospective payments called for under the Agreement will be waived and released. All payments received or due remain the assets of Mrs. Ford and her estate."

Virginia recognizes "the enforceability of a release of an expectancy interest in an ancestor's estate." *Ware v. Crowell*, 251 Va. 116, 119 (1996). In order to effect such a release, it is not necessary that the release conform to the statutory formalities of a disclaimer. To be effective:

> [t]he release must be based on a valuable consideration and must be made in good faith and free from circumstances of fraud or oppression. As a contract, the release effectively conveys the expectancy interest to the other beneficiaries when the interest becomes vested at the time of the ancestor's death.

*Id.* at 120 (citations omitted).

The Court agrees with the position of the complainants that the settlement letter is enforceable even though the parties may have contemplated the execution of a further document memorializing their agreement. *Snyder-Falkinham v. Stockburger*, 249 Va. 376, 385 (1995). There was no expression of intent that reaching a settlement was subject to a signed formal agreement. *Golding v. Floyd*, 261 Va. 190 (2001).

It, therefore, becomes necessary for the Court to determine the meaning of the contract from the document itself or in light of the circumstances attending its execution. Complainants have related that the judge in the bankruptcy case referred to the interest of Mr. Ford subject to the waiver provisions as an "inchoate" one and thus not one to be adjudicated within the context of the bankruptcy filing. It is an expectancy interest in Mr. Ford's mother's estate. Such an interpretation is consistent with the use of the term "forever" as it relates to the relinquishment of an interest in exchange for dismissal of the action.

Accordingly, the Court will enforce the agreement and dismiss the matter against Mr. Ford. It is the express finding of the Court that the agreement constitutes a voluntary relinquishment of any rights he may have in the estate of his mother for purposes of settling the instant cause.