# CIRCUIT COURT OF HANOVER COUNTY

Karen B. Callahan,
Executor
of the Estate of
Joseph M. Duggins,
deceased

v.

William Gordon Duggins, Jr., et al.

January 28, 2010

Case No. CR06000743-00

BY JUDGE JOSEPH J. ELLIS

This matter came on for trial upon the Complaint of Karen B. Callahan, Executor of the Estate of Joseph M. Duggins, deceased, to determine who is the owner of a tract of land containing 75 acres, more or less, known as Holly Spring Farm in Hanover County, Virginia, and described in Article IV in the will of Joseph M. Duggins and as also described in a deed from W. E. Duggins to Joseph M. Duggins. The Court heard arguments and evidence at trial on December 16, 2009, and took the matter under advisement. Following a thorough review of the pleadings, the memoranda and briefs filed by counsel, the evidence presented, and the law, the Court finds as follows.

*I. Background*

The Executor of the Estate of Joseph M. Duggins, deceased, is Karen B. Callahan, who is represented by Elmo G. Cross, Jr., Esquire. The

defendants are William Gordon Duggins, Jr., represented by Hugh S. Campbell, Esquire; Kimberly Ann Samuel Poyner, represented by Michael G. Montgomery, Esquire; and Karen B. Callahan, individually, represented by Elmo G. Cross, Esquire. The parties have submitted a Stipulation of Facts approved by the Court and drafted by agreement of all counsel dated May 3, 2007.

On May 3, 2007, the parties, as represented by counsel, properly noticed a proceeding wherein the parties argued for summary judgment. By Order entered April 9, 2008, the Court found the "Stranger to the Adoption" rule did not apply in this case, summary judgment was granted against William Gordon Duggins, and his Counterclaim was accordingly dismissed. The Court's Order of April 9, 2008, was then suspended by Order dated April 24, 2008, pending a hearing on William Gordon Duggins' Motion for Reconsideration. The Court heard the Motion for Reconsideration and by Order dated June 30, 2008, denied William Gordon Duggins' Motion for Reconsideration, denied his Motion for Leave to File an Amended Counterclaim, ordered that the Order of Suspension be vacated, ordered the Order granting summary judgment be reinstated, and ordered the matter be continued as to all parties, except as to those matters dismissed and disposed of by the Order dated April 9, 2008.

Williams Gordon Duggins then filed a Motion for Leave to File an Amended Answer. The Court entered an Order, dated August 7, 2008, allowing him to file an Amended Answer, which was submitted with his motion and deemed filed upon the entry of the Order. The parties then appeared before the Court, by counsel, to request a Uniform Pretrial Scheduling Order, which the Court entered on September 8, 2009, setting the matter for trial on December 16, 2009.

## II. Analysis

By deed dated May 1, 1929, which was recorded in the Clerk's Office of the Circuit Court of Hanover County, W. E. Duggins conveyed to Joseph Moody Duggins, "during the natural life of him the said Joseph Moody Duggins and then to his heirs at law, subject however, to the life estate of the said W. E. Duggins, which life estate is hereby expressly reserved and to the dower interest of the mother of the said Joseph Moody Duggins, should she survive the said W. E. Duggins, [the property known to all parties as Holly Spring Farm]." W. E. Duggins died in December 1934 and was survived by the mother of Joseph M. Duggins. The mother

of Joseph M. Duggins died July 19, 1975, leaving Joseph M. Duggins with a life estate in Holly Spring Farm.

Joseph M. Duggins was divorced and had no children until 1988 when, at the age of 70, he adopted Kimberly Ann Samuel, an adult. The Final Order of Adoption was entered November 9, 1988. Samuel was the maiden name of Mrs. Kimberly Ann Poyner, one of the named defendants in this case. On May 9, 1995, Kimberly Ann Poyner entered into a deed of release with Joseph M. Duggins, the validity of which she now disputes. The deed of release was recorded in the Clerk's Office of the Circuit Court of Hanover County. The deed of release states that Mrs. Poyner for the "sum of [$119,804.00], cash in hand paid," released, remised, relinquished, and forever quitclaimed unto Joseph Moody Duggins, "any and all right, title, interest whatsoever, at law and in equity … and specifically any right created by the above referenced deed dated May 1, 1929."

Mrs. Callahan asserts that the Deed of Release and devise to her by Joseph M. Duggins' will are both valid and that she is the rightful owner of Holly Spring Farm. She argues that Mrs. Poyner released and quitclaimed any interest she may have had in the property and that, as a result of the deed of release, Joseph M. Duggins obtained fee ownership of the property. Accordingly, she argues that Mr. Duggins, as fee simple owner, could devise it in fee as he saw fit.

The Court does not doubt that the adoption and the deed of release were an attempt by Joseph M. Duggins to circumvent the deed of W. E. Duggins and to obtain fee simple ownership of Holly Spring Farm. There is also no doubt that Joseph Moody Duggins believed he had obtained fee simple ownership of the property because he devised in his will the property at issue to Mrs. Callahan. His adopted daughter, Mrs. Poyner, was not even mentioned in his will.

Mrs. Poyner testified at trial that she was unaware that the deed of release was for the release of her entire interest in Holly Spring Farm. She testified she rode to the lawyer's office with Joseph M. Duggins and that he told her he needed her signature because the county wanted a utility easement across the property and her signature was required because she was his sole heir at law. She claims she did not read the document carefully and never received $119,804.00. Mrs. Poyner testified that Mr. Duggins gave her $15,000 at the attorney's office on the day of signing the deed of release, but denies that she received the sums identified in the receipts offered by Mrs. Callahan. Thus, Mrs. Poyner argues the Court should set aside the deed of release because Joseph M. Duggins

fraudulently obtained her signature on the deed of release. The Court finds Mrs. Poyner's testimony to be wholly incredible.

A life tenant may obtain from the remainderman his estate in remainder by gift or purchase. *Barnes v. Barnes*, 207 Va. 114, 119, 148 S.E.2d 789, 793 (1966) (quoting *Mallett v. Hall*, 129 Me. 148, 150 A. 531 (1930)). The 1929 Deed defined the remainderman as the heirs at law of Joseph M. Duggins. It is well settled in Virginia that "[n]o one is heir of a living person. No vested right arises therefore until the death of the person from whom one seeks to take." *McFadden v. McNorton*, 193 Va. 455, 460, 69 S.E.2d 445, 448 (1952). Thus, the remainderman under the 1929 deed could not be determined until Joseph M. Duggins' death.

Mrs. Poyner, as Joseph M. Duggins' daughter, became an heir at law of Joseph M. Duggins upon his death. However, at the time she signed the deed of release to Joseph M. Duggins, she possessed only an expectant interest under the 1929 deed because Joseph M. Duggins was alive and the heirs at law of Joseph M. Duggins could not be determined by operation of law until his death. "[A] release of an expectancy interest in an estate, freely and fairly made, is binding on the releasing beneficiary and excludes that beneficiary from participation in the ancestor's estate." *Ware v. Crowell*, 251 Va. 116, 120, 465 S.E.2d 809, 811 (1996). Having determined Mrs. Poyner's testimony regarding the deed of release incredible, the Court finds Mrs. Poyner forever released whatever interest she may have had in Holly Spring Farm by the deed of release entered into with Joseph M. Duggins. "As a contract, the release effectively conveys the expectancy interest to the other beneficiaries when the interest becomes vested at the time of the ancestor's death." *Ware v. Crowell*, 251 Va. 116, 120, 465 S.E.2d 809, 811 (1996).

Equity also requires that the Court refuse to respect the fee that Joseph M. Duggins sought to create in Holly Spring Farm because of his attempt as a life tenant to destroy the interest of the expected remainderman, Mr. William Gordon Duggins, Jr. Mrs. Poyner testified on cross-examination that Mr. Joseph Duggins sought, by the adoption and deed of release, to prevent Mr. William Gordon Duggins, Jr. from getting the farm, leaving her as Mr. Joseph M. Duggins' sole heir at law. Mrs. Callahan's testimony corroborated Mrs. Poyner's testimony in that regard. Mrs. Callahan also testified that Mr. Joseph M. Duggins did not want Mr. William Gordon Duggins, Jr. to receive the farm, a result he sought to circumvent. Stated differently, Joseph M. Duggins adopted Mrs. Poyner and obtained a deed of release solely to frustrate the intent of W. E. Duggins and take the fee interest in the farm himself.

The relationship between a life tenant and a remainderman is one in which the life estate holder serves as a quasi trustee of the residual estate. *See Barnes*, 207 Va. at 119, 148 S.E.2d at 793. "The life tenant is a trustee only in a limited sense in that he cannot injure or dispose of the property to the injury of the rights of the remainderman." *Id.* Mr. Joseph M. Duggins' actions constitute a willful disposal of the property to the prejudice of the anticipated remainderman. Neither Mr. Joseph Duggins nor Mrs. Poyner should benefit from this calculated breach of fiduciary duty, however limited.

Clearly, Joseph M. Duggins could have adopted Mrs. Poyner to permit her to receive the farm as his sole heir at law, an otherwise legitimate manipulation of the rights of his expected heirs at law. However, when coupled with the deed of release, his legal gymnastics constitute a breach of even a limited fiduciary duty, that of quasi trustee. As previously stated, the Court finds Mrs. Poyner's testimony regarding the deed of release incredible. The Court believes she received the consideration of "cash in hand paid" as recited in the deed of release and is now attempting to take Holly Spring Farm as well. If the Court were simply to ignore the deed of release and award the property to Mrs. Poyner as Joseph M. Duggins' heir at law, she would twice profit from her participation in Joseph M. Duggins' deliberate attempt to destroy the rights of the remainderman. Justice and equity prohibit Mrs. Poyner from benefiting from her participation in the scheme. Although Mrs. Poyner, having been adopted by Mr. Duggins, is clearly an "heir at law," she is not an heir for purposes of Holly Spring Farm. Having excluded Mrs. Poyner as an heir for purposes of this particular piece of property, the evidence before the Court is that Joseph M. Duggins' sole remaining heir at law is William Gordon Duggins, Jr., the nephew of Joseph M. Duggins and grandson of W. E. Duggins, the original grantor under the 1929 Deed. Therefore, William Gordon Duggins, Jr., is the true and rightful owner of Holly Spring Farm.

### III. Conclusion

For the reasons articulated above, the Court finds in favor of Mr. Williams Gordon Duggins, Jr. Insofar as the Court finds a fee simple interest in Holly Spring Farm never vested in Joseph M. Duggins, the court need not address the arguments of Mrs. Callahan. Simply stated, Joseph M. Duggins never acquired a fee interest in Holly Spring Farm that he could devise, and his life estate was terminated by his death.